Gary S. Casselman, Esq. (SBN 81658)
**LAW OFFICES OF GARY S. CASSELMAN**
3415 South Sepulveda Boulevard, Suite 370
Los Angeles, California 90034
Telephone No.:    (310) 390-4406
Facsimile No.:    (310) 390-4533

Thomas E. Beck, Esq. (SBN 81557)
**THE BECK LAW FIRM**
10377 Los Alamitos Boulevard
Los Alamitos, California 90720
Telephone No.:    (562) 795-5935
Facsimile No.:    (562) 795-5821
Email: becklaw@earthlink.net

Attorneys for Mark Pompano

```
                    E-FILED

                 DEC 3 0 2008
```

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| MARK POMPANO, | Case No.  CV04-7929 RJK (RCx) |
| Plaintiff, | **ORDER RE STIPULATION FOR PROTECTIVE ORDER** |
| v. | **[DISCOVERY MATTER FOR DETERMINATION BY DISTRICT JUDGE ROBERT J. KELLEHER]** |
| CITY  OF  HERMOSA  BEACH, DONOVAN  SELLAN,  GEORGE BRUNN, DONALD JONES, MICHAEL LAVIN, and DOES 1 through 10, | |
| Defendants. | |

////

////

////

////

1    IT IS HEREBY STIPULATED by and through undersigned counsel that:

2    1.    The documents requested by defendant's counsel by way of subpoena

3    dated November 21, 2008 and December 1, 2008 respectively  to the Custodian of

4    Records, Los Angeles Police Department and Dr. Richard Palmer are subject to the

5    terms of this protective order.  The LAPD documents maintained by the City of Los

6    Angeles are part of plaintiff Sergeant Mark Pompano's personnel files or part of an

7    internal affairs investigation. Dr. Palmer is plaintiff's treating psychologist and the

8    records subject to defendants' subpoena are confidential mental health records, which

9    are privileged pursuant to *Jaffee v. Redmond* 518 U.S. 1, 116 S.Ct. 1923 (1996). The

10   documents requested by Defendants' subpoenas served on November 21, 2008 and

11   December 1, 2008 are to be designated as "confidential material." Such designation

12   shall be made by stamping or otherwise marking the documents prior to production

13   or use in this litigation as follows:

14                **"CONFIDENTIAL MATERIAL SUBJECT**

15                **TO PROTECTIVE ORDER"**

16   2.    Confidential materials shall be used solely in connection with the

17   preparation and trial of the within case, Case No. CV04-7929 RJK (RCx) or any

18   related appellate proceeding, and not for any other purpose, including any other

19   litigation.

20   3.    Testimony taken at a deposition may be designated as confidential by

21   making a statement to that effect on the record at the deposition. Arrangements shall

22   be made with the court reporter taking and transcribing such deposition to separately

23   bind such portions of the transcript containing information designated as confidential,

24   and to label such portions appropriately.

25   4.    Material designated as confidential under this Order, the information

26   contained therein, and any summaries, copies, abstracts, or other documents derived

27   in whole or in part from material designated as confidential shall be used only for the

28   purpose of the prosecution, defense or settlement of this action, and for no other

1  purpose.

2       5.     Confidential material may not be disclosed, except as provided in
3  paragraphs 6 and 7.

4       6.     Confidential material may be disclosed only to the following persons:

5            (a)     Counsel for any party and any party to this litigation;

6            (b)     Paralegal, stenographic, clerical and secretarial personnel
7                      regularly employed by counsel referred to in (a).

8            (c)     Court personnel, including stenographic reporters engaged in such
9                      proceedings as are necessarily incidental to preparation for the
10                     trial of this action;

11           (d)     Any outside expert or consultant retained in connection with this
12                     action, and not otherwise employed by either party; and

13           (e)     Any "in-house" expert designated by either party to testify at trial
14                     in this matter.

15      Nothing in this order prevents a witness from disclosing events or activities
16 personal to him or her, that is, a witness can disclose to others information previously
17 given to the City of Los Angeles with respect to what he or she saw, heard or
18 otherwise sensed.

19      7.     Each person to whom disclosure is made, with the exception of counsel,
20 and the parties, who are presumed to know the contents of this protective order, and
21 court personnel, shall prior to the time of disclosure, be provided by the person
22 furnishing him/her such material a copy of this order, and shall execute a
23 nondisclosure agreement in the form of Attachment A, a copy of which shall be
24 provided forthwith to counsel for each other party. Such person also must consent
25 to be subject to the jurisdiction of this United States District Court with respect to any
26 proceeding relating to enforcement of this order, including without limitation, any
27 proceeding for contempt.

28 ////

8.     If Confidential Material, including any portion of a deposition transcript, is included in any papers to be filed with the Court, such papers shall be accompanied by an application with comports with <u>Local Rule</u> 79-5.1 and seeks to (a) file the confidential portions thereof under seal (if such portions are segregable), or (b) file the papers in their entirety under seal (if the confidential portions are not segregable). The Application shall be directed to the judge to whom the papers are directed. Pending the ruling on the application, the papers or portions thereof subject to the sealing application shall be lodged under seal in accordance with <u>Local Rule</u> 79-5.1.

9.     At the conclusion of the trial and of any appeal or upon termination of this litigation, all confidential material received under the provisions of this order (including any copies made and/or any computer materials made or stored) shall be tendered back to plaintiff's counsel within 30 days. Provisions of this order in so far as they restrict disclosure and use of the material shall be in effect until further order of this court.

10.     The foregoing is without prejudice to the right of any party:

(a)     To apply to the court for a further protective order relating to confidential material or relating to discovery in this litigation;

(b)     To apply to the court for an order removing the confidential material designation from any documents; and

(c)     To apply to the court for an order compelling production of documents or modification of this order or for any order permitting disclosure of confidential material beyond the terms of this order.

11.     GOOD CAUSE exists for designating these materials as confidential in that the Plaintiff's employment and mental health records are presumptively confidential under federal law as well as to protect the privacy rights of the plaintiff and insure none of these materials are communicated to third parties and their use is confined to their use in the prosecution and defense of the instant lawsuit.

4

12.     The custodian of records from the LAPD and Dr. Palmer's office shall produce the records requested by the subpoena to Plaintiff's counsel. At the time the records are provided to Plaintiff's counsel, the custodian of records will provide a declaration to Defense counsel certifying the number of pages produced and the date and time of the production. Additionally, the custodian of records for the LAPD will provide a list of internal affairs investigations by number and date initiated to Defense counsel.

13.     Plaintiff's counsel will produce the records to defense counsel within five (5) business days of receipt of the records. If any material is withheld for any reason, a privilege log will be provided at the time of production to defense counsel.

////

////

////

////

////

////

////

////

////

1    **IT IS SO STIPULATED.**

2

3    DATED: December ___, 2008              Law Offices of
                                            GARY S. CASSELMAN
4

5                                           By_____
6                                             Gary S. Casselman
                                              Attorney for Plaintiff
7                                             Mark Pompano

8

9    DATED: December 19, 2008               THE BECK LAW FIRM

10

11                                          By_____
12                                            Thomas E. Beck
                                              Attorney for Plaintiff
13                                            Mark Pompano

14
     DATED: December ___, 2008              LYNBERG & WATKINS
15

16

17                                          By_____
                                              S. Frank Harrell
18                                            Attorney for Defendants
                                              City of Hermosa Beach, George
19                                            Brunn,   Donald   Jones,   and
                                              Michael Lavin

20

21   DATED: December ___, 2008              STONE, ROSENBLATT, CHA

22

23                                          By_____
24                                            Gregory Stone, Esq.
                                              Attorney for Defendant
25                                            Donovan Sellan

26

27

28

                                    6

1    **IT IS SO STIPULATED.**

2

3    DATED: December ____, 2008          Law Offices of
                                          GARY S. CASSELMAN
4

5

6                                        By_____
                                             Gary S. Casselman
7                                            Attorney for Plaintiff
                                             Mark Pompano
8

9    DATED: December ____, 2008          THE BECK LAW FIRM

10

11                                       By_____
                                             Thomas E. Beck
12                                           Attorney for Plaintiff
                                             Mark Pompano
13

14
     DATED: December _19_, 2008          LYNBERG & WATKINS
15

16

17                                       By_____
                                             S. Frank Harrell
18                                           Attorney for Defendants
                                             City of Hermosa Beach, George
19                                           Brunn,  Donald  Jones,  and
                                             Michael Lavin
20

21   DATED: December _19_, 2008          STONE, ROSENBLATT, CHA

22

23                                       By_____
                                             Gregory Stone, Esq.
24                                           Attorney for Defendant
                                             Donovan Sellan
25

26

27

28

                                          6

## **ATTACHMENT A**

## **NON DISCLOSURE AGREEMENT**

I, _____, do solemnly swear that I am fully familiar with the terms of the Protective Order Concerning Confidential Information entered in <u>Pompano v. Hermosa Beach</u>, Case No. CV04-7929 RJK (RCx), and hereby agree to comply with and be bound by the terms and conditions of said Order unless modified by further Order of the Court. I hereby consent to the jurisdiction of the Court for purpose of enforcing this nondisclosure agreement.


DATED                                    _____

## **ORDER**

Pursuant to the stipulation of this parties and good cause appearing therefor, the Court orders that a protective order be in effect as of December 30, 2008.

IT IS SO ORDERED.

DATED: December 30, 2008

HONORABLE ROBERT J. KELLEHER
United States District Judge