Gary S. Casselman, Esq., SBN 81658
**LAW OFFICES OF**
**GARY S. CASSELMAN**
3415 So. Sepulveda Blvd., Ste. 100
Los Angeles, CA 90034
Tel.:  (310) 314-4444
Fax:  (310) 314-4447
E-mail: garyscasselman@gmail.com

Thomas E. Beck, Esq., SBN 81557
**THE BECK LAW FIRM**
10377 Los Alamitos Blvd.
Los Alamitos, CA 90720
Tel.: (562) 795-5835   Fax:  (562) 795-5821
E-mail: becklaw@earthlink.net

Attorneys for Plaintiff MARK POMPANO

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK POMPANO,<br><br>           Plaintiff,<br><br>    v.<br><br>CITY OF HERMOSA BEACH, DONOVAN SELLAN, GEORGE BRUNN, DONALD JONES, MICHAEL LAVIN, and DOES 1 through 10,<br><br>           Defendants | CASE NO.  CV 04-7929 RJK (RCx)<br><br>FINAL PRE TRIAL CONFERENCE ORDER [PROPOSED]<br><br>DATE:     Nov. 2, 2009<br>TIME:     1:30 P.M.<br>CTRM:    1639<br>TRIAL:    Not set<br><br>Assigned for all purposes to Hon. Robert J. Kelleher |

Following pretrial proceedings, pursuant to Rule 16, F.R.Civ.P., L.R. 16,

**IT IS ORDERED**:

**1.**   The parties are:

PLAINTIFF:          MARK POMPANO, represented by Gary S. Casselman, Law Offices

                              of Gary S. Casselman, Thomas Beck, The Beck Law Firm

DEFENDANTS:

- City of Hermosa Beach, George Brunn, Donald Jones, Michael Lavin represented by S. Frank Harrell, Shannon Gustafson, Lynberg & Watkins
- Donovan Sellan by Gregory Stone, Vanessa Martinez, Stone Rosenblatt & Cha

Each of these parties has been served and have appeared.

All other parties named in the pleadings and not identified in the preceding paragraph are now dismissed.

The pleadings which raise the issues are:

Plaintiff's Complaint

Answer of Defendants City of Hermosa Beach, George Brunn, Donald Jones, Michael Lavin, Donovan Sellan

**2.** Federal jurisdiction and venue are invoked upon 28 U.S.C. §§ 1331 and 1343 (a)(1-4): Matter involves a federal question, i.e whether plaintiff's 4th Amendment right to be free of an unlawful seizure was violated, pursuant to 42 U.S.C. § 1983.

**3.** The trial is estimated to take 5-7 trial days.

**4.** The trial is to be a jury trial.

At least five (5) court days prior to the trial date each party shall file and serve by e-mail, fax, or personal delivery: (a) proposed jury instructions as required by L.R. 51-1 and (b) any special questions requested to be asked on voir dire.

**5.** The following facts are admitted and require no proof:
- The incident occurred on October 4, 2003.
- On October 4, 2003 Mark Pompano was an off-duty Sergeant with the Los Angeles Police Department.

- The individual Defendants were acting under color of law in the performance of their duties on October 4, 2003.
- On October 4, 2003 Defendant City of Hermosa Beach was the employer of defendants George Brunn, Donald Jones, Michael Lavin, and Donovan Sellan.
- The City of Hermosa Beach is a municipal entity.
- Defendant Michael Lavin was the Chief of the Hermosa Beach Police Department on October 4, 2003.
- Defendant Donald Jones was the acting watch commander on October 4, 2003.

**6.** The following facts, though stipulated, shall be without prejudice to any evidentiary objection:

None.

**7.** a) Plaintiff plans to pursue the following claims against the following defendants:
1. 42 U.S.C. § 1983: First/ Fourth Amendment: retaliation for exercise of right of free speech against Defendants George Brunn and Donovan Sellan
2. 42 U.S.C. § 1983: Fourth Amendment: Unreasonable seizure (detention and/or arrest without reasonable suspicion or probable cause and/or with excessive force) against Defendants George Brunn, Donovan Sellan, Donald Jones, Michael Lavin
3. 42 U.S.C. § 1983: municipal liability against defendant City of Hermosa Beach for unconstitutional custom, policy and/or practice
4. 42 U.S.C. § 1983 – Pattern of Failure to Train, Supervise, Discipline or Correct Against Defendant City of Hermosa Beach;
5. 42 U.S.C. § 1983 – Individual Supervisory Liability Against Defendants Lavin and Jones
6. Supplemental State Law Claim – Battery against Defendants Sellan and Brunn

| | | |
|---|---|---|
| 1 | 7. | Supplemental State Law Claim for False Arrest/false Imprisonment – against Defendants Sellan Brunn, Jones, Lavin |
| 3 | 8. | Supplemental State Law Claim against all defendants – for Negligence |
| 4 | 9. | Supplemental State Law Claim against defendants Sellan, Brunn, Jones, Lavin – for Intentional Infliction of Emotional Distress |
| 6 | 10. | Supplemental State Law Claim against defendants Sellan, Brunn, Jones – for Violation of Civil Rights (California Civil Code § 52.1) |

(b)   The elements required to establish Plaintiff's claims are:

<u>42 USC § 1983 retaliation for First Amendment protected speech</u>

1. That plaintiff exercised his constitutional right of free speech
2. That defendant(s) while acting under color of law seized plaintiff without reasonable or probable cause in retaliation for protected speech.

<u>42 USC § 1983 Unreasonable Seizure/ Excessive Force:</u>

1. That defendants acted under color of law; and
2. That the defendants deprived the plaintiff of one or more constitutional rights, namely the right to be free from an unlawful seizure.

<u>42 USC § 1983 Municipal Liability</u>

1. That defendant public entity (City of Hermosa Beach) had or maintained a custom, policy or practice which, though not necessarily unconstitutional in itself;
2. Was the moving force in the violation of one or more of the plaintiff's constitutional rights and/or was an affirmative link behind the violation of the Plaintiff's constitutional rights and injury, damage and/or harm caused thereby.

//
//

<u>42 USC § 1983 Municipal Liability</u> (Failure to Train and/or Supervise)

1. That defendant public entity (City of Hermosa Beach) had an obligation to train and supervise its employees in those areas in which as police officers/trainers/supervisors they would be required to act to conform their behavior to constitutional limits and norms.
2. That said City deliberately or recklessly failed and refused to instruct, train, supervise, discipline or otherwise maintain control over its employees so that they would conform their conduct to constitutional limits and norms.

<u>42 U.S.C. § 1983 – Individual Supervisory Liability</u>

1. Supervisory defendants' recklessness or callous indifference to the need to supervise those under their control or supervision and/or tolerance for, and endorsement of, his officers' use of excessive force or violation of plaintiff's civil rights
2. Constitutional violations by supervisory defendants separate and distinct from the initial constitutional violations alleged against the individual defendants

<u>Battery</u>
1. That any defendant intentionally touched plaintiff;
2. That any defendant used unreasonable force upon plaintiff;
3. That plaintiff did not consent to the use of that force;
4. That plaintiff was harmed; and
5. That defendant(s)' use of unreasonable force was a substantial factor in causing plaintiff harm.

<u>False Arrest/ False Imprisonment</u>
1. That defendant arrested plaintiff without a warrant;
2. That plaintiff was harmed; and

5

3. That defendant's conduct was a substantial factor in causing plaintiff's harm.

Negligence

1. Negligence is the failure to use reasonable care to prevent harm to oneself or to others.
2. A person is negligent if he or she does something that a reasonably careful person would not do in the same situation or fails to do something that a reasonably careful person would do in the same situation.

Intentional Infliction of Emotional Distress

1. That defendant's conduct was outrageous;
2. That defendant intended to cause plaintiff emotional distress; [or] That defendant acted with reckless disregard of the probability that plaintiff would suffer emotional distress, knowing that plaintiff was present when the conduct occurred;
3. That plaintiff suffered severe emotional distress; and
4. That name of defendant's conduct was a substantial factor in causing plaintiff's severe emotional distress.

Violation of Civil Rights (State Law)

1. 1. That defendant interfered with plaintiff 's right to Freedom of Expression and/or Freedom from Unreasonable Seizure (through false arrest or use of excessive force) by threatening or committing violent acts;
2. That plaintiff reasonably believed that if he exercised his right to freedom of expression or to be free of an unreasonable seizure that defendant would commit violence against him;
3. That defendant injured plaintiff to prevent him from exercising his right to freedom of expression or to be free of an unreasonable seizure or retaliate against plaintiff for having exercised these rights;

4. That plaintiff was harmed; and

5. That defendant's conduct was a substantial factor in causing plaintiff's harm.

(c) In brief, the key evidence Plaintiff relies on for each of the claims is:

1. The testimony of plaintiff's witnesses as set forth in Plaintiff's witness list;

2. Plaintiff's exhibits as set forth in his Exhibit List;

Defendant(s):

**Summary Statement of the Defendants' Defenses:**

(a) Affirmative Defenses

1) Defendants acted in good faith and did not directly or indirectly perform any acts whatsoever which would constitute a violation of any rights possessed by Plaintiff, or any duty owed to Plaintiff.

2) Defendants are not liable to Plaintiff pursuant to Government Code § 815.6, in that these Defendants discharged with reasonable diligence all mandatory duties.

3) Defendants did not intentionally or carelessly deprive Plaintiff of his rights or any part thereof and therefore Plaintiff is not entitled to an award of attorneys' fees pursuant to 42 U.S.C. § 1988; California Code of Civil Procedure § 1021.5; and/or any other statute or basis in law.

4) Defendants were at all times mentioned in Plaintiff's Second Amended Complaint and now are duly qualified, appointed and acting peace officers for the City of Hermosa Beach and that at all times herein mentioned said Defendants were engaged in the performance of their regularly assigned duties as peace officers.

5) Any injury or damage suffered by Plaintiff was caused solely by reason of Plaintiff's wrongful acts and conduct and the willful resistance to a peace officer in the discharge, and attempt to discharge the duty of his office, and not by reason of any unlawful acts or omissions of these Defendants.

6) The actions of Defendants were lawful and proper and probable cause/ reasonable suspicion existed for the arrest and/or detention of Plaintiff.

7) Neither a public entity nor a public employee is liable for his act or omission, exercising due care, in the execution or enforcement of any law.

8) Plaintiff's Complaint fails to state a cause of action against Defendants pursuant to Monell v. Dept. of Social Servs., 436 U.S. 658, 693, 56 L. Ed. 2d 611, 98 S. Ct. 2018 (1978), as there can be no recovery for a federal civil rights violation where there is no constitutional deprivation occurring pursuant to governmental custom.

10) Plaintiff's Complaint does not state facts sufficient to constitute a cause of action against these Defendants, because simple negligence pursuant to the United States Supreme Court decision of Parratt v. Taylor, 451 U.S. 527, 68 L. Ed. 2d 420, 101 S. Ct. 1908 (1981), is not a federal civil rights violation.

11) A peace officer is not liable for punitive damages when an officer's acts are not willful, malicious or in bad faith. Gill v. Manuel, 488 F.2d 799 (9th Cir. 1973).

12) Defendants are not vicariously liable for any act or omission of any other person by way of respondeat superior, or otherwise.

13) The force, if any, used on Plaintiff by these Defendants was privileged, reasonable and necessary to effect the detention, to prevent escape, or to overcome resistance of Plaintiffs.

14) Plaintiff's suit is barred by the provisions of California Government Code §§815(a-b), 815.2(b), 818, 818.8, 820.2, 820.4, 820.8, 821.6, and 822.2.

15) Plaintiff's suit is barred by the provisions of California Penal Code §§835, 836, and 836.5.

16) Any injury herein was caused by (1) a person resisting arrest; or (2) a person interfering with a police officer's official duties, and defendants are therefore immune from liability herein under the provisions of California Government Code §§845.8 and 856.2, together with California Penal Code §834 and California Penal Code §148.

17) To the extent that the City of Hermosa Beach's agents or employees used any force in the incident complained of, they did so in exercise of their rights of self-defense. Defendants need not retreat or desist in their efforts by reason of the resistance or threatened resistance of Plaintiff. Furthermore, these Defendants are not to be deemed the aggressor(s) nor do these Defendants lose their rights to self-defense by the use of reasonable force to effect the detention and/or arrest of Plaintiff.

18) To the extent any force was used by City of Hermosa Beach agents or employees during the incident complained of, it was privileged as being reasonably necessary, and being believed to be so necessary, to the lawful defense of third parties.

20) The requisite policy, custom or usage to establish governmental liability under 42 U.S.C. §1983 may not be proven through reference to a single unconstitutional incident unless proof of that incident includes proof that it was caused by an existing unconstitutional policy.

21) Pursuant to <u>Saucier v. Katz</u>, 533 U.S. 194, 121 S. Ct. 2151, 150 L. Ed. 2d 272 (2001), and <u>Pierson v. Ray</u>, 386 U.S. 547, 87 S. Ct. 1213, 18 L. Ed. 2d 288 (1967), these defendants are immune from liability pursuant to the Federal Civil Rights Act where they acted in good faith and entertained an honest, reasonable belief that their actions were reasonable.

22) Plaintiff's claims, and each of them, are barred by the Qualified Immunity Doctrine. Defendants at all times herein mentioned acted reasonably, in good faith, without malice, and within the scope of their duties as sworn peace officers. Moreover, the violations of federal constitutional rights claimed by Plaintiff, if any, were not clearly established at the time of the incident which gave rise to this litigation.

23) Peace officers may use such force as is "objectively reasonable" under the specific facts they confront. <u>See</u>, <u>Graham v. Connor</u>, 490 U.S. 386, 395, 109 S.Ct. 1865 (1989)

//

//

(b) Brief Statement of the Evidence:

Defendants will rely upon the testimony of the Witnesses submitted with their Witness List and the documentary evidence contained in their Exhibit List to show that probable cause existed to arrest Plaintiff and that no force was used during that arrest.

**8.** Discovery is incomplete.

Defendants' Discovery Issues

Defendants have not received the documents which were subpoenaed from the New Town School District.

**9.** All disclosures under F.R.Civ.P. 26(a)(3) have been made.[1]

The joint exhibit list of the parties has been filed under separate cover as required by L.R. 16-6.1. Unless all parties agree that an exhibit shall be withdrawn, all exhibits will be admitted without objection at trial if the proper foundation is made, except those exhibits listed below.

**Plaintiff objects to the following Defendants' Exhibits of the Joint Exhibit List:**

Exhibit 7, 8, 9 - Defendant's reports of the subject incident are inadmissible hearsay.

Exhibit 11 - Plaintiff's personnel file from LAPD has no relevance to Phase One of this trifurcated trial in which liability has been separated from damages. Plaintiff further objects that the personnel file contains improper intermediate opinions and conclusions that are belied by the final adjudication or superior court judgment pertaining thereto. To the extent defendants offer a records review; it is irrelevant, inadmissible hearsay, improper opinion which has no bearing on the liability phase one of this action. There is no business records exception as this was prepared for litigation.

Objection: inadmissible hearsay, lacks foundation, improper opinion.

---

[1] Plaintiff's counsel was served on or about August 11, 2009 with an amended supplemental Rule 26 designation by defendant Sellan of a document, not served therewith, previously unknown to plaintiff's counsel. Plaintiff awaits production and reserves the right to strike it as untimely.

1	Exhibit 12 - DVD of interview of plaintiff and plaintiff's counsel.  Inadmissible as
2	to statements, opinions of counsel.
3	Exhibits 15, 16, 17, 18, 19, 20 - are mostly medical records that lack foundation and
4	are irrelevant to the subject matter of the instant action.  They are inadmissible hearsay and
5	regardless, do not pertain to phase one liability of defendants.  2004 Letter to attorney
6	Casselman from Ed McErlain is irrelevant, inadmissible hearsay from a private investigator
7	seeking an interview of plaintiff.
8	Exhibit 22 – irrelevant, inadmissible hearsay.
9	Exhibit 23 – irrelevant, improper opinion, inadmissible hearsay.
10	Exhibits 30-38 – These are hearsay statements which are not independently
11	admissible on behalf of the party whose statement was taken.
12	Exhibit 39 - Plaintiff's personnel file from LAPD, his employer at the time of the
13	incident, has no relevance to Phase One of this trifurcated trial in which liability has been
14	separated from damages. The City of Los Angeles is not a party to this action.  Plaintiff
15	further objects that the LAPD Internal Affairs investigation file(s) contains improper
16	intermediate opinions and conclusions that are belied by the final adjudication or superior
17	court judgment pertaining thereto.   Objection: irrelevant, Ev. Code 403 grounds of delay,
18	confusion, prejudice, inadmissible hearsay, lacks foundation, improper opinion.
19	Exhibit 40 - LAPD Internal Affairs investigation into the subject incident and others,
20	particularly those instigated by defendants after the lawsuit or claim was filed, have no
21	relevance to Phase One of this trifurcated trial in which liability has been separated from
22	damages. The City of Los Angeles is not a party to this action. Plaintiff further objects that
23	the LAPD Internal Affairs investigation file(s) contains improper intermediate opinions and
24	conclusions that are belied by the final adjudication or superior court judgment pertaining
25	thereto.    Objection: irrelevant, Ev. Code 403 grounds of delay, confusion, prejudice,
26	inadmissible hearsay, lacks foundation, improper opinion.
27	Exhibit 74 – irrelevant, especially in Phase One re liability. Ev. Code 403 grounds of
28	delay, confusion, prejudice,

Exhibits 75-77 – Rule 26 expert reports are inadmissible hearsay, no proper foundation for report of expert to be admitted into evidence, particularly when expert is expected to testify in court.

**Defendants object to the following Exhibits on the Joint Exhibit List:**

| | |
|---|---|
| Exhibit 3 | Rule 26 (not disclosed during discovery) |
| Exhibit 4 | Rule 26 (not disclosed during discovery) |
| Exhibit 5 | Rule 26 (not disclosed during discovery) |
| Exhibit 13 | Fed. R. Evid 801 (Hearsay), 402 Relevance, 403 (More Prejudicial than Probative), 404 (Character Evidence); Subject to State Court Order that Document Be Destroyed |
| Exhibit 14 | Fed. R. Evid 801 (Hearsay), 402 Relevance, 403 (More Prejudicial than Probative), 404 (Character Evidence) |
| Exhibits 30-38 | Fed. R. Evid 810 (Hearsay), Rule 26 (transcripts not disclosed during discovery) |
| Exhibit 41 | Fed. R. Evid 801 (Hearsay), 402 Relevance, 403 (More Prejudicial than Probative), 404 (Character Evidence) |
| Exhibit 42 | Fed. R. Evid 801 (Hearsay), 402 Relevance, 403 (More Prejudicial than Probative), 404 (Character Evidence) |
| Exhibit 43 | Fed. R. Evid 801 (Hearsay), 402 Relevance, 403 (More Prejudicial than Probative), 404 (Character Evidence) |
| Exhibit 45 | Fed. R. Evid 801 (Hearsay), 402 Relevance, 403 (More Prejudicial than Probative), 404 (Character Evidence) |
| Exhibit 46 | Fed. R. Evid 801 (Hearsay), 402 Relevance, 403 (More Prejudicial than Probative), 404 (Character Evidence) |
| Exhibit 47 | Fed. R. Evid 801 (Hearsay), 402 Relevance, 403 (More Prejudicial than Probative), 404 (Character Evidence) |

| | | |
|---|---|---|
| Exhibit 48 | Fed. R. Evid 801 (Hearsay), 402 Relevance, 403 (More Prejudicial than Probative), 404 (Character Evidence) |
| Exhibit 73 | Fed. R. Evid. 402 (Relevance), 403 (More Prejudicial than Probative), 404 (Character Evidence) |
| Exhibit 77 | Rule 26 (Expert was never disclosed to Defendants) Fed.R.Evid. 801 (Hearsay) |
| Exhibit 80 | Fed. R. Evid 801 (Hearsay), 402 Relevance, 403 (More Prejudicial than Probative), 404 (Character Evidence) |
| Exhibit 81 | Fed. R. Evid. 401 Relevance |
| Exhibit 82 | Fed. R. Evid. 401 Relevance |
| Exhibit 83 | Fed. R. Evid. 401 Relevance |
| Exhibit 85 | Fed. R. Evid. 401 Relevance |

**10**. Witness lists of the parties have been filed with the Court.

Only the witnesses identified in the lists will be permitted to testify (other than solely for impeachment). Each party intending to present evidence by way of deposition testimony has marked such depositions in accordance with L.R. 16-2.7. At this time the parties do not anticipate using any depositions for direct testimony at trial.

**11.** The following law and motion matters and motions *in limine*, and no others are contemplated or pending:

Defendants have have filed a Motion in Limine to Exclude Other Acts Evidence, a Motion in Limine to Exclude Evidence of Defendants' Net Worth, a Motion in Limine to Exclude Expert David Stothers as he was never disclosed to defendants, and a Motion in Limine to Exclude Several other witnesses that were not disclosed during discovery, but appear on Plaintiff's Witness List.

**12**. Bifurcation of the following issues for trial is ordered:

Liability is bifurcated from damages. Plaintiff's *Monell* claims against Michael Lavin and the City of Hermosa Beach are bifurcated. The issue of imposition of punitive damages should be bifurcated.

13. The foregoing admissions having been made by the parties, and the parties having specified the foregoing issues remaining to be litigated, this Final Pretrial Conference Order shall supersede the pleadings and govern the course of the trial of this cause, unless modified to prevent manifest injustice.

Dated: _____, 2009  _____
The Honorable Robert J. Kelleher
UNITED STATES DISTRICT JUDGE

Approved as to form and content.

DATED: October 12, 2009

/S/
GARY S. CASSELMAN
THOMAS E. BECK
Attorneys for Plaintiff


/S/
S. FRANK HARRELL
Attorney for Defendants
City of Hermosa Beach, Brunn,
Jones, Lavin


/S/
GREGORY STONE
Attorney for Defendant
Donovan Sellan